# EXHIBIT 3

LIFE PRISONER EVALUATION REPORT
SUBSEQUENT PAROLE CONSIDERATION HEARING
NOVEMBER 2005 CALENDAR

ROSS, WAYNE STEDSON                                                         D59353

I. **COMMITMENT FACTORS:**

    A.    **Life Crime:** All relevant documents from the previous hearings including the transcripts, have been considered and that information appears valid, and the writer has no further information to add.

        1.    **Summary of Crime:** Remains the same as stated in the previous hearings.

        2.    **Prisoner's Version:** Remains the same as stated in the previous hearings.

        3.    **Aggravating/Mitigating Circumstances:**

            a.    **Aggravating Factors:**

- Victim was particularly vulnerable due to his age (73 ~~years~~ old) and in poor health (heart condition).
- The inmate had a special relationship of confidence and trust with the victim as a long time friend.
- During the commission of the crime, the prisoner had a clear opportunity to cease but instead continued.
- The prisoner used a lethal weapon, a pair of scissors, when he committed the crime
- The prisoner was on a grant of conditional release stemming from a child support order violation when he committed the instant offense.

            b.    **Mitigating Factors:**

- The prisoner's prior record is insignificant; mainly, traffic matters and a child support conviction.

    B.    **Multiple Crime(s):** N/A.

        1.    **Summary of Crime:** N/A.

Sent to Inmate on 12/02/05

ROSS, WAYNE                    D59353                    CTF-SOLEDAD                    NOV/2005

2. **Prisoner's Version:** N/A.

## II. PRECONVICTION FACTORS:

A. **Juvenile Record:** Documents from the previous hearings have been considered and that information remains valid.

B. **Adult Convictions and Arrests:** Documents from the previous hearings have been considered and that information remains valid.

C. **Personal Factors:** Documents from the previous hearings have been considered and that information remains valid.

## III. POSTCONVICTION FACTORS:

A. **Special Programming/Accommodations:** None.

B. **Custody History:** Received at RCC-CIM on 6/18/87 for initial processing. Placed at Folsom State Prison on 7/13/87 under Close A Custody for Level IV placement in the general population. On 3/22/88, the prisoner appeared before ICC due to receiving a CDC 115 for Possession of an Inmate Manufactured Weapon. His custody was established at Max A and based on the pending CDC 115 for a MERD offense he would be retained at Ad Seg status pending adjudication of the disciplinary. On 5/10/88, ICC elected to set a SHU term of 10 months, due to the guilty finding by the disciplinary disposition and the prisoner was assessed 190 days loss of behavioral credits for Possession of an Inmate Manufactured Weapon. On 10/6/88, ICC elected to release the prisoner to the general population effective 10/30/88 as the result of a 10 month SHU term that was scheduled to expire on 10/30/88. On 11/8/88, UCC elected to establish Close A custody, remove the prisoner from orientation status and placed him on the support services waiting list. Committee made note that the prisoner's 10 month SHU term expired on 10/30/88. He was assigned to the education program on 8/10/89 and received satisfactory grades. However, per a 128E- Education Progress Report dated 9/28/90, the prisoner had difficulty in retaining what he had learned and received unsatisfactory grades in cooperation, dependability and initiative. On 10/11/90, per 128G committee was in receipt of a 128B-1 dated 10/9/90, from the academic instructor requesting that the prisoner be removed from his job assignment in education due to the inappropriateness of the program. Committee noted that the prisoner was not a disciplinary problem, however, he plateaued academically and the program was no longer appropriate for him. Therefore committee elected to remove the prisoner from his assignment in education and placed him on the support services waiting list. On 3/27/92, UCC

elected to refer to CSR, recommend a transfer to California State Prison Calipatria-Level IV, due to a major population realignment at Folsom. On 4/2/92, the CSR endorsed the prisoner for CSP-Calipatria Level IV. On 4/13/92, the prisoner was received at CSP-Calipatria for housing and subsequently received his initial classification on 4/22/92. His custody was established at Medium A and placed on the support services and vocational waiting lists and released to the general population. The prisoner's work and vocational experience consisted of : vocational auto machine shop program. He earned satisfactory grades per CDC 128E dated 9/15/92. He subsequently was awarded a certificate of completion on 9/30/94 per CDC 128E (Vocational Machine Shop). Other job and or education experience: ABE-III per CDC 128E dated 12/31/91 and earned satisfactory grades; trash dock worker-sweep road ways per CDC 101 dated 3/24/95 and earned satisfactory work grades. Per a 128G dated 3/17/94, the prisoner appeared before committee for program review due to receiving a CDC 115 dated 2/16/94 for work stoppage. The CDC 115 was <u>dismissed</u>. On 9/20/94, UCC elected to refer the prisoner to the CSR with a placement of RJD- III with an alternate of LAC-III. UCC on 10/18/94, realized that the prisoner was erroneously classified as a Level III and elected to rescind the 128G dated 9/20/94 and re-refer the prisoner's case to the CSR with a recommendation of LAC IV with an alternate of CCI-IV. This action was a result of a miscalculation of the classification score of 51. On 11/15/94, the prisoner appeared before UCC for program review due to the completion of the vocation auto machine shop program due to receiving a certificate of completion. Committee elected to remove him from the assignment and reassigned and placed him on the support services waiting list. On 7/5/95, the prisoner appeared before UCC for annual review. Committee elected to refer to the CSR recommending a transfer to CMC-E-III with an alternate of RJD-III or ISP-III in order to facilitate visiting with family in the Los Angeles County area per the inmate's request. On 7/19/95, the CSR endorsed the prisoner for ISP-III. The prisoner was subsequently received at Ironwood State Prison on 8/4/95 and received his initial classification on 8/8/95. Committee elected to establish custody at Medium A, place on the support services and computer refurbishing waiting list and release to the general population. He was subsequently assigned to the vocational yard crew on 8/17/95 per 128G dated 8/15/95. He subsequently earned satisfactory to above average work grades according to his work supervisor's reports. On 12/19/95, per CDC 128G, the prisoner appeared before UCC for program review requesting to be placed on the ABE-II waiting list so that he may obtain a GED. On 8/20/96 during UCC per 128G, the prisoner's case was referred to the CSR with a recommendation to transfer to CMC-E III per the inmate's request to facilitate family visits, with an alternate to retain at ISP III. He was assigned to the Vocational Work Crew and received satisfactory work supervisor's reports. On 9/5/96, per 128G the CSR endorsed the prisoner for ISP III. On 8/12/97, the prisoner's case was referred to the CSR with a recommendation of CMC-E III with an alternate of RJD III in order to facilitate family visits. Per 128G dated 9/11/97, the CSR endorsed the prisoner for CMC-E III. He was subsequently

transferred to CMC-E on 10/15/97 and received his Initial Classification on 10/29/97 per 128G. Committee elected to establish Medium A custody, place on support services waiting list and released to the general population. Per CDC 128E dated 1/7/98, the prisoner was enrolled into the academic ABE II and III on 12/3/97. He received satisfactory work grades. On 7/8/98 per 128G UCC elected to refer to the CSR recommending to retain the prisoner at CMC-E due to his lifer status as an override with an alternate transfer to CTF II. On 7/20/98 per 128G, the CSR elected to retain the prisoner at CMC E III. On 8/4/98 the prisoner appeared before the committee for program review requesting to be retained CMC-E Level III as an override to be closer to his family who resides in Ventura County with an alternate of CTF II. On 8/18/98 per 128G the CSR endorsed the prisoner for CMC-E III due to administrative placement: violence/life prisoner status. On 7/7/99, the prisoner appeared before his annual classification per 128G. Committee elected to refer to the CSR with a recommendation to transfer to CTF II or FSP-II per the inmate's request. During committee, the inmate requested to be retain at CMC-W, as a Level II override. He also requested to be retain at CMC-E or transfer to CTF II to remain close to his family in Ventura County. On 7/26/99, the CSR endorsed the prisoner for CTF II per 128G. He was subsequently received at CTF Central Facility on 8/18/99 as a non-adverse transfer. He received his initial classification on 8/27/99 and committee elected to release him to the general population and place on support services and textiles waiting lists and establish Medium A custody. On 8/3/00, per 128G the prisoner appeared before UCC for annual classification. Committee notes a CDC 115 dated 7/26/00 for participating in a work stoppage and in addition committee was in receipt of a 128B dated 8/12/00, requesting that the prisoner be unassigned from his position and refer to committee for program realignment. Committee elected to drop the prisoner from his porter position effective 8/12/00 and be placed on the support services waiting list and change work group privilege group to A2B effective 8/12/00. On 7/31/01, per 128G the prisoner's case was reviewed in absentia per his request for an Annual Review. Committee elected to continue present program "unassigned" and place the prisoner on the textiles waiting list per 128G dated 7/31/01. On 7/11/02, the prisoner appeared before his Annual Classification per 128G. In absentia, committee's actions was to continue present program and remove the inmate from the Textiles Waiting List. On 11/6/03 per the prisoner's request committee elected to conduct annual classification in absentia. Committee elected to place him on East Dorm Waiting List and continued present program. The prisoner's work history consisted of wing porter where he received satisfactory work grades. He subsequently was reassigned to the Prison Industry Authority Wood Furniture Factory in the Finishing Department on 4/6/04. The work supervisor's reports reflect satisfactory to above average work grades. His supervisor's comments were: "Ross appears to have good habits and seems to have a good attitude. He continues to learn job duties and performs adequately. He continues to learn the various finishing techniques required in the finishing shop." During this review period the prisoner enrolled in the Federal Emergency Management Agency Institute (Independent

Correspondence Study Course). He received 27 certificates of the Emergency Management Institute Professional Development Series which is a commitment to standards of excellence in emergency management. However, the prisoner's Central File did not reflect any vocationally upgrading experience during this review period.

C. **Therapy and Self-Help Activities:** Received a laudatory 128B chrono dated 7/1/02 for volunteering as an assistant with the education GED preparation tutorial program at CTF Central Facility. On 4/19/03, per 128B the prisoner successfully completed a series of lectures entitled: "How to Become a Father, and not get Angry" sponsored by the CTF's Muslim Development Center.

Volunteered assistance with the education department at CTF per 128B dated 6/23/03. Completed Dr. Thomas Gordon's, "Family Effectiveness Training and Harmony in the Home Self Help Program", per 128B dated 4/24/04. Per 128B dated 12/23/04, the prisoner successfully completed a course in the cause, prevention, treatment and management of sexually transmitted infections; and 128B dated 1/13/05 completed a course in the cause, prevention, treatment and management of Hepatitis; 128B dated 12/22/04 attended meetings with the Narcotics Anonymous group meetings for the fourth quarter year of 2004; 128B dated 1/26/05 for successfully completing a course in the cause, prevention, treatment and management of HIV and Aids; 128B dated 1/31/05 successfully completing a course in the cause, prevention, treatment and management of Tuberculosis; 128B dated 10/1/04 attending Narcotics Anonymous meetings for the third quarter year 2004; 128B dated 3/5/05 for completing Dr. Thomas Gordon's, "Family Effectiveness Training and Harmony in the Home Self Help Anger Management Program"; 128B dated 3/15/05 for participation in Narcotics Anonymous Group meetings during the first quarter year of 2005; 128B dated 1/31/05 for completing the requirement for a self help chrono exercise by reading self help books and writing reports on what he has learned from each book read.

D. **Disciplinary History:**

<u>CDC 115s</u>

| Date | Facility | Code | Offense / Disposition |
|---|---|---|---|
| 10/24/01 | CTF | 3005(c) | Mutual Combat. Disposition: <u>Guilty:</u> Assessed 61 days Forfeiture of Credits. |
| 07/26/00 | CTF | 3041 | Work Stoppage. Disposition: <u>Guilty:</u> Assessed 30 days Forfeiture of Credits. |
| 03/15/88 | FOL | 3006(a) | Dangerous Property, Possession of an Inmate Manufactured Weapon: Disposition: <u>Guilty:</u> Assessed 180 days Loss of |

Behavorial Credits.

### CDC 128As

| | |
|---|---|
| 05/13/93 | Conduct, Failure to Remove Light and Window Covering. |
| 03/17/92 | Failure to attend Assignment. |
| 01/27/91 | Cell Conditions. |
| 09/10/90 | Failure to Report to Job Assignment. |
| 01/05/90 | Failure to Report to Job Assignment. |

### CDC 128Bs

| | |
|---|---|
| 09/24/04 | Refuse Lower Bunk. |

E.  **Other:** On 11/18/02, the prisoner was seen by the Board of Prison Terms for his Initial Parole Consideration Hearing. The Board's decision was to deny parole for (3) years, and recommend that the prisoner remain disciplinary free, upgrade vocationally and educationally and participate in self help programs. The Board also requested that the prisoner cooperate with the clinicians in the completion of a clinical psychological evaluation.

## IV.  FUTURE PLANS:

A.  **Residence:** The prisoner's residence plans have changed. Ross plans to parole to his wife's residence (Rosa Ross), at 1854 Haazya Oxnard, California 93030, Telephone: (805) 485-9774.

B.  **Employment:** The prisoner has no firm employment plans at this time. However he indicates that his wife is in the process of becoming state certified as a medical interpreter and will be self employed. She has offered him a position as an office technician. Ross, prior to incarceration, worked at the Vitro Corporation as a shipping clerk and was subsequently promoted to a computer operator position. The prisoner believes that he would be able to obtain employment as a tool machine operator or shipping clerk, having completed a vocational machine shop trade.

C.  **Assessment:** Parole plans have been reviewed and discussed with Ross. He has family support and a future offer of employment in his wife's future business as a

office technician. However, it appears that the prisoner did not offer any solid employment offers from employers in the county of his last residency or make any contacts with any support groups in order to help him enter back into society as a productive citizen. See attached letters in the miscellaneous section of the Central File regarding family support.

V. **USINS STATUS:** N/A.

VI. **SUMMARY:**

    A.    Prior to release the prisoner could benefit from:

        1.    Become and remain disciplinary free.
        2.    Upgrade educationally by obtaining a GED.
        3.    Participate in self help programs.
        4.    Cooperate with the clinicians in the completion of a clinical evaluation.

    B.    This report is based upon an interview with the prisoner on 8/2/05, lasting approximately 1.5 hours and a complete review of the Central File lasting 4 hours.

    C.    The prisoner was afforded an opportunity to examine his Central File on 8/2/05 per CDC 128B, which is located in the general chrono section of the Central File.

    D.    No accommodation was required per the Armstrong vs. Davis BPT Parole Proceedings Remedial Plan (ARP) for effective communication.

_____  9-26-05
H. Stalen                   Date
Correctional Counselor I


_____  10/24/05
R. Leach                    Date
Correctional Counselor II


_____ F.C.(A) 11/30/05
R. Pope                     Date
Facility Captain


_____ C/PR  12-1-05
D. S. Levorse               Date
Classification and Parole Representative

ROSS, WAYNE            D59353            CTF-SOLEDAD            NOV/2005

BOARD OF PRISON TERMS  
STATE OF CALIFORNIA

# LIFE PRISONER: POSTCONVICTION PROGRESS REPORT

☐ DOCUMENTATION HEARING

☒ PAROLE CONSIDERATION HEARING

☐ PROGRESS HEARING

**INSTRUCTIONS**
TO CDC STAFF: DOCUMENT EACH 12-MONTH PERIOD FROM THE DATE THE LIFE TERM STARTS TO PRESENT
TO BPT STAFF: FOR EACH 12-MONTH INCREMENT APPLY THE GUIDELINES UNDER WHICH THE PAROLE DATE WAS ORIGINALLY ESTABLISHED, i.e., 0-2 MONTHS FOR PBR AND 0-4 MONTHS FOR BPT. SEE BPT §§2290 - 2292, 2410 AND 2439.

| POSTCONVICTION CREDIT | | | REASONS |
|---|---|---|---|
| YEAR | BPT | PBR | |
| 8/02 to 6/17/03 | | | **PLACEMENT**: Remained at the Correctional Training Facility II and housed in the general population.<br>**CUSTODY**: Medium A.<br>**VOC. TRAINING**: None indicated during this review period.<br>**ACADEMICS**: None indicated during this review period.<br>**WORK RECORD**: None indicated during this review period.<br>**GROUP ACTIVITIES**: Received a 128B dated 7/4/02 for volunteering and assisting with students in the CTF Education GED Preparation Tutoring Program. Received a 128B dated 9/4/02 on the completion of the Anger Management Course. He subsequently successfully completed a series of lectures entitled: "How to become a Father and not get Angry", sponsored by CTF's Muslim Development Center per 128B dated 4/19/03.<br>**PSYCH. TREATMENT**: None indicated during this review period.<br>**PRISON BEHAVIOR**: None indicated during this review period.<br>**OTHER**: On 11/18/02, the prisoner appeared before the Board of Prison Terms for his Initial Parole Consideration Hearing. The Board's decision was to deny parole for 3 years, and recommend that the prisoner: 1) Remain disciplinary free; 2) Upgrade vocationally and educationally, and 3) Participate in self help and therapy programs. The Board also requested that the prisoner cooperate in the completion of a new psychological evaluation report. |

CORRECTIONAL COUNSELOR'S SIGNATURE  
*[signature]*  
ROSS

DATE 10-21-05

D59353    CTF-SOLEDAD    NOV/2005

BPT 1004 (REV 7/86)    Page _1_

BOARD OF PRISON TERMS                                                                                                        STATE OF CALIFORNIA

CONTINUATION SHEET: LIFE PRISONER : POSTCONVICTION PROGRESS REPORT

| POSTCONVICTION CREDIT | | | REASONS |
|---|---|---|---|
| YEAR | BPT | PBR | |
| 6/18/03 to 6/17/04 | | | **PLACEMENT:** CTF II and housed in the general population.<br>**CUSTODY:** Medium A.<br>**VOC. TRAINING:** None indicated during this review period.<br>**ACADEMICS:** Enrolled in the Federal Emergency Management Agency Institute (Independent Correspondence Study Course). He received 20 certificates of achievement in retrofitting flood prone residential structures, developing in managing volunteers, hazardous materials for medical personnel, decision making and problem solving, radiological emergency management, animals in disaster, awareness and preparation, animals in disaster, community planning, building for earthquakes of tomorrow, introduction to litigation, emergency planning, basic incident command system, hazardous materials, A citizens orientation, radiological emergency response, effective communication, mitigation for homeowners, special considerations for FEMA PA Projects, exercise design, live stock in disaster, principles of emergency management and emergency program manager And orientation to the position.<br>**WORK RECORD:** Assigned to the PIA Wood Furniture Factory on 4/6/04 per his Work Supervisor's Reports (CDC 101 dated 5/1/04). He earned satisfactory work grades as a furniture finisher. He received 128B dated 4/6/04 for training on CAL and OSHA Hazardous Communication standard, "Right to Know"; and additional training included safe handling and disposable of hazardous and waste. He received 128Bs certificate chronos dated 4/6/04 on the instruction on the proper operation and safety procedures of the general safety equipment, back safety, air & eyes and sound equipment, materia data sheet training ("Right to Know") and lockout/tagout procedures.<br>**GROUP ACTIVITIES:** Volunteered and assisted students in the Education Department GED Preparation Tutoring Program at CTF per 128B dated 6/23/03. He completed Dr. Thomas Gordon's, "Family Effectiveness Training and Harmony in the Home" self help program per 128B dated 4/2/04.<br>**PSYCH. TREATMENT:** None indicated during this review period.<br>**PRISON BEHAVIOR:** None ~~indicated~~ during this review period.<br>**OTHER:** N/A. |

ORDER:
- ☐ BPT date advanced by ___ months.
- ☐ PBR date advanced by ___ months.
- ☐ BPT date affirmed without change.
- ☐ PBR date affirmed without change.

SPECIAL CONDITIONS ~~OF PAROLE~~:
- ☐ Previously imposed conditions affirmed.
- ☐ Add or modify

- ☐ Schedule for Progress Hearing on appropriate institutional calendar

ROSS                                D59353                                CTF-SOLEDAD                                NOV/2005

BOARD OF PRISON TERMS                                                                                                        STATE OF CALIFORNIA

BPT 1004 (REV 7/86)                                Page _2_

BOARD OF PRISON TERMS                                                                                                  STATE OF CALIFORNIA

CONTINUATION SHEET: LIFE PRISONER : POSTCONVICTION PROGRESS REPORT

| POSTCONVICTION CREDIT | | | REASONS |
|---|---|---|---|
| YEAR | BPT | PBR | |
| 6/18/04 to 6/17/05 | | | **PLACEMENT:** CTF II and housed in the general population.<br>**CUSTODY:** Medium A.<br>**VOC. TRAINING:** None indicated during this review period.<br>**ACADEMICS:** Enrolled in the Federal Emergency Management Agency Institute/Independent Correspondence Study Course. He received 7 certificates of achievement in role of voluntary agency emergency management, role of emergency operation center in community preparedness, response and recovery, emergency preparedness, USA, Department of Home Land Security, introduction to residental coastal construction, a citizen's guide to disaster assistance, Department of Home Land Security leadership and influence, and Department of Home Land Security and orientation to community disaster exercises. He received a certificate of achievement dated 10/21/04 to reaffirm through completion of the emergency management institute professional development series a commitment to standards of excellence in emergency management.<br>**WORK RECORD:** Assigned to the PIA Wood Furniture Factory per his Work Supervisor's Reports (CDC 101's) dated 7/1/04, 10/1/04, and 2/1/05. He earned satisfactory to above average work grades. His supervisor's comments were: Ross continues to learn the job duties and performs adequately.<br>**GROUP ACTIVITIES:** Participated in Narcotics Anonymous meetings for the third and fourth quarter year of 2004 per 128Bs dated 10/1/04 and 12/22/04. Per CDC 128B dated 6/28/04 indicates participation in Alcoholics Anonymous meetings on 6/7/04. Received a certification of completion in Anger Management course dated 12/3/04. Per 128B dated 12/23/04 participated in peer education course in the cause, prevention and management of sexual transmitted infections. Received a 128B dated 1/5/05 for participation in the Father's Anger Management Course. Completed a course in the cause, prevention, treatment and management of Hepatitis per 128B dated 1/13/05; completed a course in the cause, prevention, treatment and management of HIV/Aids per 128B dated 1/26/05; and the completion of a course in the cause, prevention, treatment and management of Tuberculosis per 128B dated 1/31/05. Completed Dr. Thomas Gordon's Family Effectiveness Training and Harmony in the Home self help anger management program per 128B dated 3/5/05. Participation in Narcotics Anonymous meetings during their first quarter year 2005. Completed the requirement for self help chrono exercise by reading self help books and writing reports on what he has learned per 128C dated 1/31/05.<br>**PSYCH. TREATMENT:** None indicated during this review.<br>**PRISON BEHAVIOR:** None noted, however received a CDC 128B chrono dated 9/24/04 for refusing to move to a lower bunk.<br>**OTHER:** N/A. |

ORDER:
- ☐ BPT date advanced by ___ months.
- ☐ PBR date advanced by ___ months.
- ☐ BPT date affirmed without change.
- ☐ PBR date affirmed without change.

---

SPECIAL CONDITIONS OF PAROLE:
- ☐ Previously imposed conditions affirmed.
- ☐ Add or modify

- ☐ Schedule for Progress Hearing on appropriate institutional calendar

---

ROSS                              D59353                           CTF-SOLEDAD                          NOV/2005


BOARD OF PRISON TERMS                                                                                                  STATE OF CALIFORNIA


BOARD OF PRISON TERMS                                                                                                  STATE OF CALIFORNIA

BPT 1004 (REV 7/86)                                           Page _3_

CONTINUATION SHEET: LIFE PRISONER : POSTCONVICTION PROGRESS REPORT

| POSTCONVICTION CREDIT | | | REASONS |
|---|---|---|---|
| YEAR | BPT | PBR | |
| 6/18/05 to 7/31/05 (Present) | | | **PLACEMENT:** CTF II and housed in the general population.<br>**CUSTODY:** Medium A.<br>**VOC. TRAINING:** None during this review period.<br>**ACADEMICS:** None during this review period.<br>**WORK RECORD:** Assigned to PIA Wood Furniture Factory as a finisher per CDC 101 dated 10/1/04 and earned above average work grades. His supervisor's comments were: Ross is still learning the various finishing techniques required in the shop.<br>**GROUP ACTIVITIES:** Per 128B dated 6/28/05 participation in Narcotics Anonymous meetings for the second quarter year (April, May, June) year 2005.<br>**PSYCH. TREATMENT:** None noted during this review period.<br>**PRISON BEHAVIOR:** None noted during this review period.<br>**OTHER:** On 8/2/05, in preparation for the scheduled Board of Prison Terms Life Prisoner Hearing, Ross was given the opportunity to review his Central File per the Olson decision. |

**ORDER:**
☐ BPT date advanced by ___ months.       ☐ BPT date affirmed without change.
☐ PBR date advanced by ___ months.       ☐ PBR date affirmed without change.

**SPECIAL CONDITIONS OF PAROLE:**
☐ Previously imposed conditions affirmed.
☐ Add or modify

☐ Schedule for Progress Hearing on appropriate institutional calendar

ROSS            D59353            CTF-SOLEDAD            NOV/2005

BOARD OF PRISON TERMS                                    STATE OF CALIFORNIA

BPT 1004 (REV 7/86)                Page _4_